IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1997 SESSION



**FILED**

**August 15, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| AMOS CURTIS COPENY, | ) | No.01C01-9606-CR-00240 |
| | ) | |
| Appellee | ) | |
| | ) | DAVIDSON COUNTY |
| V. | ) | |
| | ) | HON. THOMAS H. SHRIVER, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Habeas Corpus) |
| | ) | |
| | ) | |

For the Appellant:

Geoffrey Coston
2813 West End Avenue
Nashville, TN 37203

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Daryl J. Brand
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General

Pamela S. Anderson
Assistant District Attorney
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN 37201

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

William M. Barker, Judge

**OPINION**

The appellant, Amos Curtis Copeny, appeals as of right the denial by the Davidson County Criminal Court of his petition for a writ of habeas corpus. The petition alleges that appellant is serving a sixty (60) year sentence as a career offender for a 1991 second degree murder conviction. He argues in his petition that the statutory sentencing scheme violates the separation of powers clause of the Tennessee Constitution. See Tenn. Const. art. II, §§1 & 2. He also contends that the sentencing statutes violate the prohibition against indeterminate sentences. See Tenn. Code Ann. §40-35-211 (1990). We affirm the trial court's denial of appellant's petition pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

Permitting the judiciary to place offenders within legislatively-defined range classifications which determine punishment and release eligibility does not violate the separation of powers. Likewise, we cannot agree that the range classifications coupled with release eligibility dates render an offender's sentence indeterminate. These very arguments advanced by appellant have been rejected by panels of this Court on numerous occasions. See Kenneth Steele v. State, No. 01C01-9512-CC-00409 (Tenn. Crim. App. at Nashville, April 30, 1997); Steve L. Bryant v. State, No. 01C01-9605-00190 (Tenn. Crim. App. at Nashville, April 24, 1997); William Lee Tollett v. State, No. 01C01-9605-CR-00180 (Tenn. Crim. App. at Nashville, April 24, 1997); Jackie Lee Childs v. State, No. 01C01-9604-CR-00164 (Tenn. Crim. App. at Nashville, April 24, 1997); Eric C. Pendleton v. State, No. 01C01-9604-CR-00158 (Tenn. Crim. App. at Nashville, February 12, 1997); Frank Bell v. Ricky Bell, Warden and State of Tennessee, No. 01C01-9602-CR-00058 (Tenn. Crim. App. at Nashville, January 30, 1997), perm. to appeal denied (Tenn. 1997). See also Joe Thomas Baker, Jr. v. State, No. 01C01-9604-CR-00129 (Tenn. Crim. App. at Nashville, February 20, 1997) (rejecting argument on indeterminate sentences), perm. to appeal denied (Tenn. 1997); Terry Merrell v. State, No. 01C01-9604-CR-00147 (Tenn. Crim. App. at

2

Nashville, February 20, 1997) (rejecting argument on indeterminate sentences).

Similarly, appellant's arguments are without merit.

Finding that no error of law was committed by the trial court and that an opinion would have no precedential value, the dismissal of appellant's habeas corpus petition is affirmed pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

_____
William M. Barker, Judge

CONCUR:


_____
Joe B. Jones, Presiding Judge


_____
Thomas T. Woodall, Judge